UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


ANTONIO M. FARRIS                                                    PLAINTIFF

V.                          4:17-CV-00796-JTR

MONTE MUNYAN, Nurse;
GARRY STEWART, M.D.;
RUSTY PAGE; GARY ANDREWS                                            DEFENDANTS


# MEMORANDUM OPINION[1]

## I. Introduction

Antonio M. Farris ("Farris") has filed this *pro se* § 1983 action alleging that, while he was a pre-trial detainee in the Faulkner County Detention Center ("FCDC"), Dr. Garry Stewart ("Stewart"), Nurse Monte Munyan ("Munyan"), Lieutenant Gary Andrews ("Andres"), and Sergeant Rusty Page ("Page") (collectively, "Defendants") violated his constitutional rights by failing to properly and timely provide him with prescription medications for a heart condition. *Docs. 6 & 7.* The Court ruled that the case could proceed against the Defendants in their

---

[1] The parties consented to a United States Magistrate Judge to conduct all proceedings in this case, including the entry of a final judgment. *Doc. 23.*

1

individual capacities only.[2] *Docs. 8 & 9.* Farris seeks an award of compensatory damages.[3] *Id.*

Defendants have filed a Motion for Summary Judgment on the merits of Farris's inadequate medical care claim, a Brief in Support, and a Statement of Undisputed Facts. *Docs. 26, 27 & 28.* Despite being granted an extension of time through and including March 15, 2019, Farris failed to submit anything opposing Defendants' request for summary judgment.

For the following reasons, the Court grants Defendants' Motion for Summary Judgment and dismisses Farris's claims, with prejudice.

## II. Facts

Before addressing the merits of the Motion for Summary Judgment,[4] the

---

[2] Accordingly, Defendants' argument in their Motion for Summary Judgment about the lack of any basis for imposing official capacity/county liability is moot.

[3] The Court previously ruled that Farris could proceed *only* with his inadequate medical care claims against these four Defendants, in their individual capacities. *Doc. 8 & 9.* Thus, only the facts material to this claim are relevant.

[4] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

2

Court will summarize the relevant facts, all of which are now deemed admitted.[5]

1. On October 20, 2017, Farris was booked into the custody of the Faulkner County Detention Center ("FCDC"). Aff. of Dr. Stewart, *Doc. 28-8, ¶ 7.*

2. On the same date, Farris advised FCDC medical staff that: (a) he had undergone heart surgery in 2015; and (b) was taking or had been prescribed Metoprolol and Lisinopril.[6] *Id*. at ¶¶ 8-9.

3. On October 26, 2017, Dr. Stewart, the physician for FCDC, reviewed Farris's medical chart. *Id. at ¶¶ 2, 10*.

4. On or about November 1, 2017,[7] Farris's mother, Beverly Bryant, brought Farris's prescription medications to the FCDC and gave them to Nurse Munyan. However, all the medications were outdated, with dates of March or

---

[5] The Court directed Farris to file a separate "Statement of Disputed Facts" addressing each factual statement he disagreed with in Defendant's Statement of Indisputable Facts. *Doc. 29.* Farris failed to do so.

Pursuant to Local Rule 56.1 of the Local Rules for the Eastern and Western Districts of Arkansas, "[a]ll material facts set forth in the statement filed by" Defendants are deemed admitted. *See also Jackson v. Ark. Dep't of Educ., Vocational & Technical Educ. Div*., 272 F.3d 1020, 1027 (8th Cir. 2001), *cert. denied*, 536 U.S. 908 (2002) (citing Arkansas Local Rule 56.1(c) in concluding that the plaintiff "forfeited her ability to contest the facts presented" by defendant by failing to respond to the defendant's motion for summary judgment).

[6] Metoprolol is a beta-blocker used to treat chest pain and hypertension. https://www.drugs.com/metoprolol.html. Lisinopril is an ACE inhibitor used to treat high blood pressure, but which also has other uses, including treatment of congestive heart failure. https://www.drugs.com/lisinopril.html.

[7] While Farris's mother has submitted a declaration stating she brought the medications to the FCDC, she does not provide a date. Accordingly, Defendants uncontroverted statement of facts that she did so on November 1, 2017, is accepted as true.

April of 2017. Because the medications were expired, they were not placed on the med cart for Farris's use. Instead, Farris was scheduled to see Dr. Stewart at the first available appointment. *Id.* at ¶ 11; Declaration of Beverly Bryant, *Doc. 21*.

5. The next day, November 2, 2017, Farris refused and/or waived medical treatment offered by the FCDC medical staff. Farris signed a written waiver, stating in part: "I was offered the opportunity to receive medical attention. I have refused medical treatment and I will not hold Faulkner County Detention Center or it's [sic] representative(s) responsible."[8] *Id.* at ¶ 12; Medical File, *Doc. 28-4 at 9*.

6. On November 2, 2017, Dr. Stewart prescribed metoprolol and aspirin (acetylsalicylic acid) for Farris. *Id.* at ¶ 13.

7. "[S]tarting in November 2017," Farris received metoprolol twice daily and aspirin once a day. This continued throughout his entire incarceration at the FCDC. *Id.* at ¶ 25; Medical File, *Doc. 28-4 at pp. 84*.

8. While at FCDC, medical staff took Farris's blood pressure and completed blood pressure logs on October 20, 2017 through October 25, 2017, November 13, 2017 through November 30, 2017, and July 27, 2018 through August 8, 2018. *Doc. 28-8, at ¶ 27*; *Doc. 28-4, 85-88*.

---

[8] The record is unclear as to the type of medical treatment Farris declined.

9. While Farris does not dispute that he began receiving metoprolol on November 3, 2017, he claims that "they" reduced his dosage to 50 ml per day, when he had been taking 150 ml per day. *Doc. 7.*

## II. Discussion

Defendants argue that they are entitled to summary judgment on all of the inadequate medical care claims Farris has asserted against them. The Court agrees.

To proceed to trial on his inadequate medical care claim, Farris must have evidence demonstrating that: (1) he had an objectively serious medical need for treatment; and (2) Defendants subjectively knew of, but were deliberately indifferent to, that serious medical need. *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).

Defendants do not dispute that Farris had an objectively serious medical need arising from his heart condition. Thus, the only issue is whether there is evidence that Defendants were deliberately indifferent to that serious medical need.

The Eighth Circuit has explained that deliberate indifference "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998). Additionally, it is well settled that a physician's

or nurse's negligence or even gross negligence in making treatment decisions are insufficient to establish a constitutional violation. *Langford v. Norris*; 614 F.3d 445, 460 (8th Cir. 2010); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). *Likewise, a prisoner's disagreement with a medical provider's treatment decisions does not rise to the level of a constitutional violation. Id.*

Defendants have submitted: (1) medical and jail records; (2) the FCDC Policies and Procedures; (3) an Affidavit from Chris Riedmueller, the FCDC jail administrator, regarding the fact that all medical decisions are "left to the professional judgment" of the FCDC physician; and (4) an Affidavit from Dr. Stewart documenting the ongoing efforts to care for Farris's heart condition. Because Farris has not submitted any opposition to these materials, the Court can only consider the allegations he makes in support of his claim, as to which he might testify at trial. The Court also considers the Declaration of his mother, Beverly Bryant, *Doc. 21*.

Farris's allegations amount to nothing more than his personal disagreement with the medical judgment of the Defendants involved in treating his heart condition. For example, he alleges that: (1) his mother dropped off his prescribed heart medications on the first day of his incarceration, but Farris was never given the medications; (2) Defendants failed to inform Farris his mother had dropped off his meds until much later; and (3) although Farris began receiving his "most

serious" medication, metoprolol, on November 3, 2017, he was given a reduced dosage of 50 ml per day, instead of the 150 ml he had been taking.

These allegations, unaccompanied by any medical proof, are insufficient to create a fact question on deliberate indifference. S*ee Reid v. Griffin*, 808 F.3d 1191, 1193 (8th Cir. 2015) (explaining that an "inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment"); *Meuir v. Greene Cnty. Jail Emply.,* 487 F.3d 1115, 1118 (8th Cir. 2007) (explaining that a prisoner's mere disagreement with matters of expert medical judgment or the course of medical care is insufficient to sustain a claim of deliberate indifference). Further, mere negligence or even gross negligence is not enough to sustain a constitutional violation. *See Moore,* 255 F.3d at 545.

Instead, to defeat summary judgment, Farris must have *evidence* that Defendants acted "callously" and with "reckless disregard." *Meuir*, 487 F.3d at 1118 (explaining that a prisoner "must clear a substantial evidentiary threshold to show that the prison's medical staff deliberately disregarded" his need for medical care). *Farris has not presented any such evidence.*

Farris's allegations amount to nothing more than a disagreement with Defendants over the medical treatment he received. First, he questions why he was not permitted to take the medications his mother brought to him, and he denies the

prison authorities' explanation that the medications were expire.[9] Second, although he does not dispute that, beginning on November 3, he received medication for his heart condition, he disagrees with the dosage Dr. Stewart prescribed.

The law is well settled that a prison doctor remains free to exercise his or her independent professional judgment, and an inmate is not entitled to any particular course of treatment. *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008). Farris has failed to present any evidence that the "course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference." *Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997) (omitting internal quotations).

### III. Conclusion

For all of the foregoing reasons, the Court concludes that Defendants are entitled to summary judgment on Farris's inadequate medical care claim.

IT IS THEREFORE ORDERED THAT:

---

[9] While Farris disputes whether the prescriptions his mother brought to FCDC were actually "expired," this dispute is not material to the resolution of Farris's claim. The Court assumes for purposes of resolving this summary judgment motion that the medications were not expired, but prison officials believed they were, and for that reason refused to allow Farris to take the medications. It is undisputed that approximately two days later, as of November 3, 2018, Farris was provided with metoprolol and aspirin to address his heart condition. Even if the Court assumes there was some delay in receiving his prescription medications, the law is well settled that a brief delay in receiving prescribed medications does not rise to the level of a constitutional violation. *See Hines v. Anderson;* 547 F.3d 915, 920-21(8th Cir. 2008) (holding that unspecified delays in refilling the prisoners' various prescriptions did not rise to the level of constitutional violation); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993) (finding that a month-long delay in refilling pretrial detainee's antidepressant prescription was not a constitutional violation).

1. Defendants' Motion for Summary Judgment *(Doc. 26)* is GRANTED.

2. Plaintiff Farris's inadequate medical care claims against Dr. Garry Stewart, Nurse Monte Munyan, Lieutenant Gary Andrews, and Sergeant Rusty Page are DISMISSED, WITH PREJUDICE.

Dated this 25th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE